United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jerome McCloud and Deborah McCloud, Plaintiffs, <br><br> v. <br><br> Scottsdale Insurance Co., Defendant. | ) ) ) ) ) ) ) ) ) <br> Civil Action No. 22-22791-Civ-Scola |

## **Order**

This matter is before the Court on Defendant Scottsdale Insurance Co.'s ("Scottsdale") motion to dismiss. (ECF No. 5.)

In a five-page complaint that leaves much unanswered, the Plaintiffs assert a breach of contract claim and a count for a declaratory judgment against Scottsdale, which they say inappropriately denied them coverage on their home insurance policy. (*See* ECF No. 1-1 at 5-9.) Scottsdale removed this case from Florida state court on September 1, 2022 alleging diversity jurisdiction. (ECF No. 1.) It now moves to dismiss the complaint for failure to state a claim upon which relief may be granted.

For starters, the Court can, and does, grant the motion to dismiss based on the Plaintiffs' failure to respond. *See* Local Rule 7.1(c) ("each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *see also, e.g., Bradshaw v. Integon Nat'l Ins. Co.*, No. 19-24806-CIV, 2019 WL 6716364, at *1 n.1 (S.D. Fla. Dec. 10, 2019) (Scola, J.) ("Bradshaw's failure to respond to the complaint constitutes an independent basis to dismiss the complaint.").

Seeing as Scottsdale filed its motion on September 8, 2022, the Plaintiffs' response was due on September 22, 2022. The Plaintiffs have not requested an extension of that deadline nor have they provided the Court with any explanation for their failure to respond.

However, the Court also grants Scottsdale's motion on its merits. Scottsdale says that the Plaintiffs' complaint altogether fails to comport with Federal Rule of Civil Procedure 8(a)(2) because it offers no factual content that would allow the Court to draw a reasonable inference that Scottsdale is liable for the alleged misconduct. (Mot. 5.)

Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief under Rule 8(a)(2), a plaintiff

must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Scottsdale says that the "Plaintiffs do not identify, with specificity, the cause of the alleged loss to their Property . . . [or] the nature of the alleged loss or damage to their Property . . . [or] what provision of the subject Insurance Policy purportedly affords coverage for the alleged loss." (Mot. 5-6.) As such, its argument goes, the "allegations set forth in [the] Plaintiffs' Complaint are patently insufficient to state any material breach[.]" (*Id.*) The Court could not agree more. Because the Plaintiffs fail to articulate even what part(s) of the relevant policy is/are at issue, they fail to comport with Rule 8(a)(2) and thus fail to state a claim upon which relief may be granted in respect of both their counts.

Accordingly, the Court **grants** Scottsdale's motion to dismiss (**ECF No. 5**.) The case is **dismissed without prejudice**, and with leave to file a new civil action. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on September 28, 2022.

_____
Robert N. Scola, Jr.
United States District Judge